IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00282-CR

 

Jose Espinoza, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 34,443

 



MEMORANDUM  Opinion



 

After the trial court denied Jose Espinoza’s motion
to suppress, he pled guilty to driving while intoxicated with a child
passenger.  The trial court permitted Espinoza to appeal the denial of the
motion to suppress.  We will affirm.








Background 

On March 4, 2006, at approximately 1:00 a.m., Deputy
Wesley Collins was patrolling in Hill County when he noticed Espinoza’s car on
the property known as Gator Exxon Truck Stop.  Deputy Collins first observed
Espinoza’s headlights shining from the rear of the service station, which he
found unusual because the business was no longer open due to a significant road
construction project taking place along Interstate 35 directly across the
access road.  The parking lot had also been enclosed by barricades placed far
enough apart that a car could go through them at a slow speed.  

After Espinoza’s car left the truck stop, Deputy
Collins stopped Espinoza to ascertain why he was at the station.  In his sole
issue, Espinoza asserts that the trial court erred in denying his motion to
suppress evidence obtained as a result of the stop, because the officer lacked
reasonable suspicion for the stop.

Standard of Review 

We review a trial court’s ruling on a motion to
suppress under a bifurcated standard of review.  Carmouche v. State, 10
S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d
85, 89-90 (Tex. Crim. App. 1997).  A trial court’s denial of a motion to
suppress is reviewed for abuse of discretion.  Oles v. State, 993 S.W.2d
103, 106 (Tex. Crim. App. 1999).

The trial court’s findings of fact are given
“almost total deference,” and in the absence of explicit findings, the
appellate court assumes the trial court made whatever appropriate implicit
findings are supported by the record.  Carmouche, 10 S.W.3d at 327-28; Guzman,
955 S.W.2d at 89-90.  However, the application of the relevant law to the
facts, including Fourth Amendment search and seizure law, is reviewed de novo. 
Carmouche, 10 S.W.3d at 327.  Also, when the facts are undisputed and we
are presented with a pure question of law, de novo review is proper.  Oles,
993 S.W.2d at 106.  Thus, when the issue to be determined on appeal is whether
an officer had reasonable suspicion, “the trial judge is not in an appreciably
better position than the reviewing court to make that determination.”  Guzman,
955 S.W.2d at 87.  Therefore, although due weight should be given to the
inferences drawn by trial judges and law enforcement officers, determinations
of matters such as reasonable suspicion and probable cause should be reviewed
de novo on appeal.  Id.  (citing Ornelas v. United States,
517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)).

Traffic Stop 

A traffic stop is a “seizure” within the meaning
of the Fourth Amendment, even though the purpose of the stop is limited and the
resulting detention is quite brief.  Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979); see United States v.
Brigham, 382 F.3d 500, 506 (5th Cir. 2004) (en banc); Francis v. State,
922 S.W.2d 176, 178 (Tex. Crim. App. 1996).  Therefore, a traffic stop must be
reasonable under the United States and Texas Constitutions.  See U.S.
Const. amend. IV; Tex. Const.
art. I, § 9.

A police officer is generally justified in briefly
detaining an individual on less than probable cause for the purposes of
investigating possible criminal behavior where the officer can point to
specific and articulable facts, which, taken together with rational inferences
from those facts, reasonably warrant the intrusion.  Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); Carmouche, 10
S.W.3d at 328.  However, the officer must have reasonable suspicion that the
individual is connected to criminal activity.  State v. Larue, 28 S.W.3d
549, 553 n.8 (Tex. Crim. App. 2000).

The reasonableness of a traffic stop must be
examined in terms of the totality of the circumstances.  Woods v. State,
956 S.W.2d 33, 37 (Tex. Crim. App. 1997).  When used by trained law enforcement
officers, objective facts, meaningless to the untrained, can be combined with
permissible deductions from such facts to form a legitimate basis for suspicion
of a particular person.  Id. at 37-38.

Discussion  

Espinoza relies on Klare v. State for the
proposition that there is not sufficient reasonable suspicion for a traffic
stop when an officer is unable to point to any objective manifestation that a
defendant was, or was about to be, engaged in criminal activity.  Klare v.
State, 76 S.W.3d 68, 70 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d). 
In Klare, a police officer spotted a white pickup truck parked behind a
closed strip shopping center, facing a 24-hour convenience store, at around
2:30 a.m.  There had been burglaries in the area in the past, so the officer
turned around to investigate because he found the parked vehicle suspicious. 
The vehicle was gone by the time the officer arrived at the parking lot, but he
soon found the pickup on an adjacent street, pulled the vehicle over, and
discovered that the driver was intoxicated.  Id.  Citing a wide variety
of cases, the Fourteenth Court of Appeals discussed the relevance of (1) the
lateness of the hour, (2) the fact that the businesses were closed, and (3)
that there had been burglaries in the area to the determination of
reasonable suspicion.  The court held that the mere presence of the pickup
truck in the parking lot, without some additional fact that would arouse
suspicion of criminal activity, fell short of supporting an objectively
reasonable suspicion of criminal activity.  Id. at 77.

Klare
is distinguishable because there are additional facts in this case that were
lacking in Klare.  Gator Truck Stop was no longer in operation at the
time of the stop and had been closed for several months, making it highly
unusual for any vehicle to be there.  Not only was it a closed business, it had
tire and concrete barricades across the entrance signifying that public entry
was unintended.  

Deputy Collins testified that it was 1:00 a.m., and
that because the truck stop was located along Interstate 35, it was
particularly susceptible to crime.  He believed that a car coming from behind
the truck stop was out of the ordinary and connected the activity to either the
crime of criminal mischief or burglary.  It is important to note that in Klare,
the suspicious vehicle was visible from the street and it was parked near an
open business.  Id.  By contrast, Deputy Collins spotted Espinoza's
truck as it emerged from a hidden area behind a shutdown business.  Klare
has been criticized for focusing on the circumstances of a traffic stop
piecemeal, viewing each fact independently from the others, instead of looking
at the totality of the circumstances.  See Tanner v. State, 228
S.W.3d 852, 858 (Tex. App.—Austin 2007, no pet.).

In Tanner, Officer Maldonado was patrolling
in a dark and secluded area when he saw the defendant and a young woman pushing
bicycles out from a dark area behind the Lone Star Bar.  He did not see them
commit any traffic violations but became suspicious because they were coming
from behind the Lone Star Bar at 3:00 a.m., which he knew typically closed by
2:00 a.m.  Maldonado flashed his patrol car's lights to signal for Tanner and
his companion to stop.  Maldonado drove up to Tanner and observed two large
knives clipped to the inside of Tanner's pants pockets.  Tanner was searched,
and additional weapons and cocaine were found.  On appeal, Tanner argued that
Officer Maldonado lacked reasonable suspicion for the detention.  The court
disagreed and noted that

Maldonado testified to the articulable factors of
time, place and circumstances, and a person "of reasonable caution"
could conclude that it was appropriate to briefly detain Tanner to investigate
the possibility of a burglary or other criminal activity.  We must rely on
"commonsense judgments and inferences about human behavior," Wardlow,
528 U.S. at 125, and remember that we are dealing with "the factual and
practical considerations of everyday life on which reasonable and prudent men,
not legal technicians, act."  Gates, 462 U.S. at 232 (quoting Brinegar,
338 U.S. at 175).  When we consider the entire circumstances and attendant
reasonable inferences, the facts could reasonably give rise to an inference
that criminal activity might be afoot.  See Sokolow, 490 U.S. at 7.

 

Tanner,
228 S.W.3d at 857.

 

It further held that when time of night and location are viewed
together and common sense is applied to the totality of these circumstances, it
could not conclude that it was error for the trial court to find that the
traffic stop was supported by reasonable suspicion.  Id. at
858.

Under the totality of the circumstances, Deputy
Collins had reasonable suspicion of criminal activity and the stop was legal. 
The trial court did not abuse its discretion 
by denying Espinoza’s motion to suppress evidence.  We overrule Espinoza’s sole
issue and affirm the judgment of the trial court.

 

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Affirmed 

Opinion delivered and
filed December 12, 2007

Do not publish

[CR25]